1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CARLOS HENDON,                              No.  2:14-cv-0985 KJN P

12                     Plaintiff,

13          v.                                    ORDER

14   CALIFORNIA MEDICAL FACILITY, et
     al.,
15
                      Defendants.
16

17          Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42

18   U.S.C. § 1983, together with a request for leave to proceed in forma pauperis pursuant to 28

19   U.S.C. § 1915.  This action is referred to a United States Magistrate Judge pursuant to 28 U.S.C.

20   § 636(b)(1)(B), Local Rule 302(c), and Local General Order No. 262.

21          The undersigned takes judicial notice[1] of the National Pro Se Three-Strikes Database,[2]

22   which indicates that plaintiff is a "three strikes litigant" under 28 U.S.C. § 1915(g).  This

23   designation was initially made by another magistrate judge in this court, by order filed July 29,

24   2010, in Hendon v. Baroya et al., Case No. 1:09-cv-00911 MJS P (see ECF No. 14).[3]

25   _____

     [1]  Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626,
26   635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

27   [2]  The National Pro Se Three-Strikes Database is at http://nprose.circ9.dcn/Litigant.aspx.

28   [3]  The court ruled in pertinent part (Case No. 1:09-cv-00911 MJS P, ECF No. 14 at 2):

                                                   1

As a three strikes litigant, plaintiff may not proceed in forma pauperis unless he demonstrates that he was "under imminent danger of serious physical injury" at the time he filed his complaint.  28 U.S.C. § 1915(g).  If plaintiff cannot make this showing, his only option for proceeding with this action is to pay the full filing fee.

Title 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The imminent danger exception applies only if it is clear that the danger existed when the complaint was filed.  Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).   The court is required to assess the relevant circumstances and conditions at the time the complaint was filed, to determine "whether the complaint, as a whole, alleges imminent danger of serious physical injury."  Id. (citation and internal quotation marks omitted).  Moreover, the danger must be ongoing to meet the imminence requirement.  Id. at 1056.  "[A] prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception."  Id. at 1056–57.  Allegations that are overly speculative or fanciful may be rejected.  Id. at 1057 n.11.  The alleged imminent danger must be real and proximate.  Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003).

Pursuant to the instant complaint, plaintiff alleges that he is "an individual with a psychiatric disability," and thus disabled within the meaning of the Americans with Disabilities

---

On at least three prior occasions, Plaintiff has brought civil actions challenging the conditions of his confinement that were dismissed as frivolous or for failure to state a claim upon which relief can be granted.  Hendon v. Witcher, 1:05-cv-1246-AWI-DLB (PC) (E.D. Cal., dismissed on August 6, 2007); Hendon v. Rogel, 2:05-cv-1063-DFL-PAN (PC) (E.D. Cal., dismissed on August 28, 2006); Hendon v. White, 2:07-cv-1825-GEB-CMK (PC) (E.D. Cal., dismissed on February 5, 2008).  Plaintiff is therefore not entitled to proceed in forma pauperis unless he alleges facts indicating that he is in imminent danger of serious physical injury.

1   Act (ADA), 42 U.S.C.A. § 12131–12134, the Rehabilitation Act (RA), 29 U.S.C.A. § 794, and

2   California law.  Plaintiff alleges that, in violation of his rights under these provisions, he was

3   denied access to the prison library while incarcerated at the California Medical Facility (CMF).

4   The named defendants are CMF, Department of State Hospital[s], and CMF Warden Duffy.

5   Plaintiff is now incarcerated at California State Prison-Sacramento (CSP-SAC).  Plaintiff asserts

6   that the alleged exclusion prevented him and others "from preparing papers, communicating with

7   courts, and miss deadlines (sic)."  (ECF No. 1 at 5.)

8       The court finds that plaintiff has failed to demonstrate he was "under imminent danger of

9   serious physical injury" when he filed the complaint.  Plaintiff is challenging an alleged practice

10  at CMF that posed no threat of physical injury, and of which he is no longer subject.

11      Plaintiff's failure to demonstrate an imminent risk of serious physical injury at the time he

12  filed his complaint requires that he be denied in forma pauperis status in pursuing this action.

13  Accordingly, plaintiff must pay the $400.00 fee ($350.00 filing fee plus $50.00 administrative

14  fee) before this action can proceed on the merits of the complaint, pursuant to preliminary

15  screening by the court under 28 U.S.C. § 1915A.

16      In accordance with the above, IT IS HEREBY ORDERED that:

17      1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is denied, due to plaintiff's

18  status as a three strikes litigant under 28 U.S.C. § 1915(g).

19      2.  To proceed with this action, plaintiff must, within thirty days after service of this order,

20  submit the full filing fee of $400.00.

21      3.  Plaintiff's failure to timely submit the full filing fee will result in a recommendation

22  that this action be dismissed without prejudice.

23  Dated:  June 6, 2014

24

25  hend1171.3strikes.

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

26

27

28

3